**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorneys for Plaintiff*,
Kassi Bledsoe

# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KASSI BLEDSOE,**<br><br>Plaintiff,<br><br>v.<br><br>**LVNV FUNDING, LLC,**<br><br>Defendant. | **Case No.:** 2:22-cv-00338<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692 ET SEQ.; AND**<br><br>2.) **CONSUMER CREDIT REPORTING AGENCIES ACT CAL CIV §§ 1785, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

## INTRODUCTION

1. This is a case about a bad debt buyer who reported information to the credit bureaus that it knew was false.

2. **KASSI BLEDSOE** (hereinafter "Plaintiff"), by her attorney, brings this action for actual damages, statutory damages, punitive damages, attorney fees, and costs, against **LVNV FUNDING, LLC** (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA"), and for violations of the Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785 et seq. (hereinafter "CCRAA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

7. The CCRAA, the California version of the federal Fair Credit Reporting Act (hereinafter "FCRA"), was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and

equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[1] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers of credit information similar in some ways to those found in the FCRA. For example, Cal. Civ. Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

## JURISDICTION AND VENUE

8. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

9. This action arises out of Defendant's violations of the FDCPA and CCRAA.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FDCPA

11. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

///

---

[1] Cal. Civ. Code § 1785.1(d)

    b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e.    It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

12. The FDCPA is a strict liability statute. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*;

///

*see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

14. Plaintiff is a natural person who resides in San Luis Obispo County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Cal. Civ. Code § 1785.3(b).

15. Defendant LVNV Funding, LLC is a Delaware corporation operating from an address of 6801 S. Cimarron Rd. STE 424-J, Las Vegas, NV 89113, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

16. This case involves Plaintiff's "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c)

17. Defendant is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

## FACTUAL ALLEGATIONS

18. Plaintiff is an individual residing in San Luis Obispo County, California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

20. Defendant's business consists solely of the acquisition and collection of delinquent consumer debts.

21. Defendant is seeking to collect from Plaintiff for a personal debt.
22. On or about September 22, 2021, Plaintiff wrote to Defendant to let it know that she no longer disputed the debt.
23. On September 28, 2021, Plaintiff received a notification from the U.S. Postal Service that Defendant had received her letter.
24. On or about November 3, 2021, Defendant reported to at least three CRA's that Plaintiff's account was disputed.
25. On information and belief, Defendant has, in the two years prior to the filing of this lawsuit, knowingly transmitted credit information that it knew to be inaccurate to multiple CRA's on multiple occasions.

## ACTUAL DAMAGES

26. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.
27. Plaintiff's injuries are concrete. Defendant's conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, the California legislature enacted the CCRAA to protect consumers from precisely the conduct described in this Complaint. The California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the CCRAA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies

exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendant would, if left unchecked in a competitive marketplace, naturally propagate had the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692E OF THE FDCPA

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. Defendant violated § 1692e when it, among other qualifying actions and omissions, willfully communicated credit information which it knew to be false.

### COUNT II

### VIOLATION OF THE CCRAA

### CAL. CIV. CODE § 1785.25(A)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant violated Cal. Civ. Code § 1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

///

33. As a result of the conduct, actions and inactions of Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: invasion of privacy, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

34. The conduct, actions and inactions by Defendant were willful, rendering Defendant liable for punitive damages in an amount of up to $5,000 for <u>each</u> violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative Defendant was negligent entitling Plaintiff to recover under Cal. Civ. Code § 1731(a)(1).

35. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(1).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

   a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), and pursuant to Cal. Civ. Code § 1731 (CCRAA), against Defendant and for Plaintiff, and,

   b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

   c) Award of punitive damages in the amount of $5,000 for each violation as the court deems proper pursuant to Cal. Civ. Code § 1785.31 (CCRAA) against Defendant and for Plaintiff, and,

   d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1785.31 (CCRAA) against Defendant and for Plaintiff, and,

   e) Award to Plaintiff of such other and further relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

36. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

                                                   **THE CARDOZA LAW CORPORATION**

DATED: January 15, 2022        BY: /S/ MICHAEL F. CARDOZA
                                                   MICHAEL F. CARDOZA, ESQ.
                                                   LAUREN B. VEGGIAN, ESQ.
                                                   ATTORNEYS FOR PLAINTIFF,
                                                   KASSI BLEDSOE

**ELECTRONICALLY STORED INFORMATION REQUEST**

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.

**ELECTRONICALLY STORED INFORMATION REQUEST**